32

**ADIRONDACK FUNDING, LLC,**
Plaintiff–Appellant,

v.

**NORMAN BENEDICT ASSOCIATES,**
**INC., Defendant–Appellee.**

Docket No. 02–7906.

United States Court of Appeals,
Second Circuit.

March 7, 2003.

Robert E. Ganz, Ganz Wolkenbreit & Friedman, LLP, Albany, N.Y., for Appellant.

Blair Todt, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. Albany, N.Y., for Appellee.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Adirondack Funding, L.L.C. ("Adirondack") appeals from the District Court's July 3, 2002 judgment for Defendant–Appellee Norman Benedict Associates, Inc. following a three-day bench trial on Adirondack's breach of contract claim. The District Court ruled that an appraisal conducted by Norman Benedict complied with the Uniform Standards of Professional Appraisal Practice ("US-PAP"), and therefore was in compliance with the parties' contract. Adirondack appeals, arguing that the District Court disregarded substantial evidence in its favor, most particularly the report of appraiser Jan Barenholtz.

We review the District Court's factual findings for clear error. *See Travellers Int'l, A.G. v. Trans World Airlines, Inc.,* 41 F.3d 1570, 1574–75 (2d Cir.1994); Fed. R.Civ.P. 52(a). We review the District Court's conclusions of law *de novo. See Travellers,* 41 F.3d at 1575; *see also Ching Sheng Fishery Co. v. U.S.,* 124 F.3d 152, 157–61 (2d Cir.1997).

The parties presented conflicting expert testimony as to whether Benedict's appraisal deviated from USPAP guidelines. The District Court was in the best position to weigh this evidence and adduce the credibility of the witnesses. Because the court's findings were supported by substantial evidence in the record, we find no basis for disturbing them. *See Travellers,* 41 F.3d at 1574–75 ("Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). With respect to the Barenholtz report, we note that the District Court did not reject it on admissibility grounds nor improperly consider it on the issue of damages, but rather credited the opinion of Bonnie Roerig, who was the only appraiser consulted prior to litigation, over that of Barenholtz.

We have examined all of Adirondack's remaining contentions and find them to be

without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.